UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ISRAEL RONDON, | ) | CASE NO. 1:13 CV 1674 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| NORTHERN DISTRICT OF OHIO | ) | AND ORDER |
| COURT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On August 2, 2013, *pro se* plaintiff Israel Rondon, filed this action against the Northern District of Ohio Court and the Ninth District Court, Cleveland, Ohio. The Complaint is rambling and incoherent. It appears that Plaintiff is asserting that Defendants deprived him of his due process rights and violated numerous federal and state laws, but the Complaint is devoid of any factual support for such assertions.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell At. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an

unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal* , 556 U.S. at 678 (2009). A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

Principles requiring generous construction of *pro se* pleadings are not without limits. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). Even given the most liberal construction, the Complaint does not contain allegations remotely suggesting Plaintiff might have a valid federal claim, or even that there is a reasonable basis for this Court's jurisdiction. This case is therefore appropriately subject to summary dismissal. *Apple v. Glenn*, 183 F.3d 477 (6th Cir. 1999); *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); *see also In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims).

Accordingly, this action is dismissed.

IT IS SO ORDERED.

Date: 10/15/2013                /s/John R. Adams
                                JOHN R. ADAMS
                                UNITED STATES DISTRICT JUDGE